James Norfleet **JARRELL** and Monte Munoz Zepeda, Petitioners,

v.

Donald **STAHL**, Sheriff of Mecklenburg County, North Carolina, Respondent.

No. C–C–75–93.

United States District Court,
W. D. North Carolina,
Charlotte Division.

Dec. 2, 1977.

Certificate of Probable Cause for
Appeal Jan. 10, 1978.

Hugh B. Campbell, Jr., Charlotte, N. C., for petitioners Jarrell, Monte M. Zepeda, pro se.

Richard N. League, Asst. Atty. Gen. of North Carolina, Raleigh, N. C., for respondent.

## ORDER

McMILLAN, District Judge.

James Norfleet Jarrell and Monte Munoz Zepeda, petitioners, were convicted in the North Carolina Superior Court of violating North Carolina General Statutes prohibiting the "crime against nature" and were sentenced by the late Judge B. T. Falls, Jr., to prison terms of seven to ten years in state prison. They exhausted state remedies by unsuccessful direct appeals and seek habeas corpus here.

The petitioner Jarrell at the time of the events in question was a university professor, and the petitioner Zepeda was a life insurance salesman. Neither petitioner has a prior criminal record.

Petitioners were apprehended and convicted by use of pictures surreptitiously taken through a hole in the ceiling of a public restroom by Charlotte police officers. Petitioners were the only persons in the restroom at the time.

Under the particular facts of this case, and under the law as it existed at that time, petitioners were apparently entitled to habeas corpus because they had a reasonable expectation of privacy at the time of the events in question and the evidence procured by the police through the peephole operation was unlawfully obtained and used

against them, in violation of the Fourth Amendment to the United States Constitution. Accordingly, bond was allowed petitioners while the case could undergo habeas corpus review.

Subsequently, the case of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), was decided by the Supreme Court. That case held that although police may have violated the Constitution in obtaining evidence against a defendant, nevertheless, the violation of the Fourth Amendment by the police does not entitle federal courts to correct that error through habeas corpus. The theory is that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067.

Whatever may be the reservations of this court as to the constitutional validity of that theory (and those reservations are serious), this court is bound by *Stone v. Powell,* and knows of *no way* to distinguish this case from the principle of *Stone v. Powell.*

The record shows that the legitimacy of the evidence was considered and litigated at the trial of petitioners in Superior Court.

Petitioners' remaining claims concern the admission of irrelevant and prejudicial testimony by one of the arresting officers, and prejudicial remarks made during trial by a prospective juror and by the prosecutor. Though the admission of the evidence was error and the remarks unfortunate, these flaws do not rise to the level of constitutional violations which would call for habeas relief here.

Therefore, the petition for habeas corpus is denied. The Attorney General will tender appropriate orders.

Petitioners are advised that they may appeal from this *final* order by forwarding written notice of appeal to the Clerk of United States District Court, Post Office Box 1266, Charlotte, North Carolina 28231.

Said *written* notice of appeal must be *received* by the Clerk within thirty (30) days from the date of entry of this final order. The court declines to issue a certificate of probable cause.

## CERTIFICATE OF PROBABLE CAUSE FOR APPEAL

McMILLAN, District Judge.

On December 2, 1977, under the mandate of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1975), this court denied the petition of both petitioners for habeas corpus and declined to issue a certificate of probable cause for appeal.

Thereafter each petitioner filed notice of appeal and requested the court to reverse the decision denying the certificate of probable cause under 28 U.S.C. § 2253.

Although this court felt compelled to deny habeas corpus because of *Stone v. Powell, supra,* a genuine question exists whether that decision should be sustained on appeal.

*Stone v. Powell* announced a broad rule that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494, 96 S.Ct. at 3052.

In *Stone v. Powell,* 428 U.S. at 488, 96 S.Ct. at 3049, referring to a previous decision in *Walder v. United States,* 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954), the Supreme Court said:

"    .    .    .    The judgment in *Walder* revealed most clearly that the policies behind the exclusionary rule are not absolute. Rather, they must be evaluated in light of competing policies. In that case, the public interest in determination of truth at trial was deemed to outweigh the incremental contribution that might have been made to the protection of Fourth Amendment values by application of the rule."

The "public interest in the determination of truth at trial" may well be considerably different in the cases before this court than in the cases before the Supreme Court in *Stone v. Powell.* Both Powell and Rice had been tried for murder and convicted. Murder is a serious crime. *Stone v. Powell* noted that the exclusionary rule eliminates evidence that is "typically reliable" and that "the disparity in particular cases between the error committed by the police officer and the windfall afforded a guilty defendant by application of the rule is contrary to the idea of proportionality that is essential to the concept of justice." 428 U.S. at 490, 96 S.Ct. at 3050.

In *Stone v. Powell,* the Fourth Amendment violations by the police were technical, inadvertent and harmless to third parties. The error in *Powell* was search of Powell's person under authority of a vagrancy statute which had not yet been tested but which was thereafter held unconstitutional. In *Rice* the error was a search of Rice's home pursuant to a warrant which was later held invalid because of a defective supporting affidavit. Chief Justice Burger said that it is an "extraordinary 'remedy'" that releases the guilty "for Fourth Amendment violations, however slight, inadvertent, or technical." He also noted in his concurring opinion that police officers are not likely to be deterred where they have obtained a warrant. 428 U.S. at 498–501, 96 S.Ct. at 3055.

The cases of Jarrell and Zepeda present a different picture. The crimes for which they were tried are "victimless" crimes, not murders. The conduct of the police officers which is challenged under the Fourth Amendment is conduct unsupported by statute or warrant and is harmful or potentially harmful to the rights of third parties. The act of surreptitiously observing and photographing activities in a public restroom, under circumstances where there may well be a reasonable expectation of privacy, is offensive to the public at large and to other visitors to the restroom. The "proportionality" referred to by the Court in *Stone v. Powell* is strikingly lacking here.

There is another circumstance raising questions of fundamental fairness which should not be overlooked. Certiorari to state courts to review Fourth Amendment violations is not foreclosed by *Stone v. Powell.* However, in April of 1975 when the Supreme Court of North Carolina refused certiorari to Jarrell and Zapeda, review of Fourth Amendment claims by way of habeas corpus petitions in federal district courts was the accepted practice. Jarrell and Zepeda followed that practice. Now *Stone v. Powell,* if taken literally, shuts off that normal channel of review. Although conceivably the Supreme Court might now grant certiorari to the Supreme Court of North Carolina, the normal time (ninety days under Supreme Court Rule 22) for seeking such review had passed soon after this petition was filed. The road petitioners took reached a dead end shortly after they passed the crossroads, and the other road is no longer open. If they had known that collateral review on habeas corpus was not available, it would appear that they would have sought certiorari.

■ Under *Stone v. Powell* the State has provided an opportunity for "full and fair litigation" of this Fourth Amendment claim. However, because of the peculiar facts of this case, outlined above, I have concluded that a certificate of probable cause to appeal should be allowed so that there will be no impediment to decision of the case by higher courts.

IT IS THEREFORE ORDERED that the previous denial of the certificate of probable cause be set aside and that under 28 U.S.C. § 2253 it is hereby certified that there is probable cause for an appeal by both Jarrell and Zepeda from this court's denial of the petition for a writ of habeas corpus.